**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jesus Manuel Bernal-Melendez,<br><br>Defendant. | No. CR-18-02173-001-TUC-CKJ (LCK)<br><br>**ORDER** |

Pending before the Court is the Government's January 29, 2019 memorandum requesting an *in-camera* review of information received regarding a potential witness. *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *see also United States v. Price*, 566 F.3d 900 (9th Cir. 2009) (evidence that would impeach a central prosecution witness is indisputably favorable to the accused). Under *United States v. Brady* the Government is obligated, upon request, to disclose information to the defense regarding government witnesses that could be used to impeach them. *See United States v. Bagley*, 473 U.S. 667, 675-77 (1985). The Government's obligation to review personnel files includes those of all federal law enforcement officers who are called to testify at trial or in connection with any pretrial motion.

The information disclosed is to include all information favorable to the defense in attempting to impeach the witness, including either disclosure or in-camera submission of documents reflecting any complaint, investigation or internal administrative or disciplinary proceeding "regardless of whether the complaint or allegation was found to be credible by

the agency." *United States v. Jack*, 2009 WL 425982, at *2 (E.D. Cal. Feb. 29, 2009) citing *United States v. Kiszewski*, 877 F.2d 210, 215-16 (2nd Cir. 1989) (case remanded due to district court's refusal to compel production of FBI agent's personnel file for in-camera inspection based upon the government's representation that the file contained complaints and allegations that were deemed unfounded or upon which the agent was exonerated and thus contained no Brady material).

The Court has conducted an in-camera review of the documents. *See generally United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) ("information helpful to the defense" is material); *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (notation in ATF agent's file that a magistrate judge had found the agent's testimony "absolutely incredible" was discoverable). The Court finds the information contained within paragraphs 1 – 3 to be material. *See United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) ("information helpful to the defense" is material).

Accordingly, IT IS ORDERED:

1. The Government shall disclose the documents and information relating to paragraphs 1 – 3 of its January 29, 2019 memorandum.

    a. Absent leave of court, counsel for Jesus Manuel Bernal-Melendez ("Mr. Bernal-Melendez") may not disseminate the documents discussed herein, or reveal the contents thereof, to any other person for any reason, except that counsel may show the documents to and discuss its contents with Mr. Bernal-Melendez. Mr. Bernal-Melendez may not further disseminate the documents, or reveal the contents thereof, to any other person for any reason.

    b. Absent leave of court, counsel and Mr. Bernal-Melendez may not copy the documents discussed herein in whole or in part for any reason.

    c. Counsel and Mr. Bernal-Melendez may use the documents discussed herein solely for purposes of this litigation. Any other use is expressly prohibited. Additionally, absent further order of the Court, neither counsel nor Mr. Bernal-Melendez shall disclose the documents discussed herein and/or reveal the contents thereof, either in

whole or in part, in any public filing or during any hearing or trial. Should counsel and/or Mr. Bernal-Melendez believe that wider dissemination of the documents discussed herein and/or their contents is necessary for purposes of the litigation, the parties shall meet and confer in good faith to reach a resolution.

  d. Upon completion of the litigation, the Government shall have the right to demand the immediate return of the documents discussed herein for destruction.

  e. Nothing in this Order shall prevent any party from seeking modification of this Order.

  f. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

 2. The documents and information relating to paragraph 4 need not be disclosed.

 3. The Clerk of Court shall file under seal the Government's January 29, 2019 Memorandum and its attachments.

 Dated this 22nd day of February, 2019.

         _____
         Honorable Cindy K. Jorgenson
         United States District Judge